# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA ESPINAL,

      Plaintiff,

      v.                           Case No.:  6:25-cv-02456-GAP-LHP

GRINGOS HOSPITALITY, LLC,

      Defendant,

## ORDER

Before the Court is Plaintiff Joshua Espinal's Motion for Entry of Clerk's Default, to which Plaintiff attaches an attorney declaration.  Doc. No. 12; *see also* Doc. No. 12-1.  On review, Plaintiff has not adequately addressed whether service of process on Defendant Gringos Hospitality, LLC was proper.  *See generally United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).[1]

According to the public records, Defendant is a domestic limited liability company with a principal place of business and registered agent (Philip P. O'Biso) located at 25 Wall Street, Suite #3, Orlando, Florida 32801.[2]  Under federal law,

---

[1] According to the motion, it appears that Plaintiff attempted service via federal and Florida law.  Doc. No. 12, at 3-4.

[2] Records maintained by the Florida Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName (last

Plaintiff is permitted to serve Defendant in a manner prescribed by state law. Fed. R. Civ. P. 4(h)(1)(A). Under Florida law, a domestic limited liability company may be served with process via its registered agent. Fla. Stat. § 48.062. If service cannot be made because the domestic limited liability company "ceases to have a registered agent, or if the registered agent . . . cannot otherwise be served after one good faith attempt because of a failure to comply with this chapter," *id.*, then the Florida Statutes establish a "hierarchy" of other persons who may accept service on the limited liability company's behalf. *Signature Fin. LLC v. Stone Outlet of Fla., LLC*, No. 8:22-cv-2795-VMC-MRM, 2023 WL 11920615, at *2 (M.D. Fla. May 11, 2023) (citation and internal quotation marks omitted); *see also* Fla. Stat. § 48.062.

Here, Plaintiff argues that he properly effected service of process on Defendant by serving " Kyle B – Manager," "a person . . . apparently in charge of the office or usual place of business of the person served," at 4258 W Plaza Dr., Alafaya, FL 32816-8039 on January 20, 2026, and by later mailing the service documents to Defendant at the same address by first-class mail. *See* Doc. No. 8; Doc. No. 12, at 5. *See also* Fla. Stat. § 48.062(3)(a). The motion also states that Plaintiff, out of "an abundance of caution" served Defendant via substitute service on the

---

visited June 3, 2026). The records for Defendant are accessible by entering "Gringos Hospitality, LLC" into the "Entity Name" field.

-2-

Florida Secretary of State on April 24, 2026.  Doc. No. 12, at 2, 5; Doc. No. 12-1, at 3-4.  *See also* Fla. Stat. § 48.062(4).

However, prior to serving either of these parties, Plaintiff was first required to make "one good faith attempt" at serving Defendant's registered agent.  *See* Fla. Stat. § 48.062(3).  And "[u]nder Florida law, statutes authorizing substitute service of process . . . must be strictly followed."  *See Gilliard v. Brooks*, No. 8:25-cv-02562-JLB-NHA, 2026 WL 127945, at *2 (M.D. Fla. Jan. 18, 2026).  Here, there is no evidence that such attempt was ever made.[3]  Without this evidence, the Court finds that Plaintiff failed to establish the propriety of service under federal or Florida law.  *See Gilliard*, 2026 WL 127945, at *3 (denying without prejudice clerk's default where plaintiff failed to provide any indication that he attempted service on registered agents prior to attempting substitute service on the Secretary of State); *see also San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-cv-1969-CEH-CPT, 2021 WL 1840769, at *4 (M.D. Fla. May 7, 2021) (denying motion for default judgment and vacating clerk's default where return of service failed to identify whether service was effected on defendant's registered agent, or any other authorized agent, & collecting cases); *Wagner v. Jay Pritam Inc.*, No. 620-cv-1095-Orl-31LRH, 2020 WL

---

[3] In his motion, Plaintiff references an attached Declaration of Non-Service, detailing a "first" service attempt on January 7, 2026.  Doc. No. 12, at 1-2.  However, no such document is attached, nor does it appear elsewhere on the docket.  Without proof, the Court cannot credit this service attempt.  *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

10731711, at *1 & *1 n.3 (M.D. Fla. Aug. 12, 2020) (finding plaintiff's motion and affidavit of service failed to establish that service on an "employee" was sufficient, where neither indicated that service was effected on defendant's registered agent).

For these reasons, the motion (Doc. No. 12) is **DENIED without prejudice**. Plaintiff shall file a renewed motion **within fourteen (14) days** of the date of this Order.   Any renewed motion must address these issues and include a memorandum of legal authority establishing that service of process was proper under applicable law.  The renewed motion shall also be supported by evidence, including any returns of service or non-service, or any amended returns of service, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-4-